**E-FILED**
Wednesday, 31 May, 2006  03:19:09 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS E. BARON, LINDA S. BARON, CHRISTOPHER T. MALLAVARAPU, JANET K. MALLAVARAPU, ROBERT V. TRASK, MARY L. TRASK, ROTFL, LLC a Nevada Limited Liability Company, and ALPHA FOXTROT, LLC a Nevada Limited Liability Company, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-3240 |
| FAYEZ CHEHAB, WILLIAM CHRANS, STEVEN K. BENTLEY, BETTER BUSINESS SYSTEMS OF MONTANA, INC.,DONALD MALLETTE, RANDOLPH MARTIN, BANK OF SPRINGFIELD, an Illinois banking corp., MICHAEL McGLASSON, and JAMES KELLEY, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND PROTECTIVE ORDER AUTHORIZING DISCLOSURE OF CERTAIN CUSTOMER FINANCIAL INFORMATION

This matter comes before the Court pursuant Rule 26(c) on the

Motion of Defendant Bank of Springfield for entry of a Protective Order

1

authorizing disclosure of certain customer financial information, the disclosure of which is governed by the Illinois Banking Act, 205 ILCS § 5/48.1.  In order to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to adequately protect material entitled to be kept confidential including financial information of individuals who are not parties to this lawsuit, and to ensure that protection is afforded only to material that is entitled to protection, it is pursuant to this Court's authority under Rule 26(c) hereby ordered as follows:

1.     The purpose of this Order is to authorize Bank of Springfield pursuant to Section 48.1 of the Illinois Banking Act, 205 ILCS §5/48.1 to disclose certain customer financial information which is potentially relevant to the issues raised in this lawsuit but at the same time protecting the confidentiality of such information particularly as it relates to individuals who are not parties to this lawsuit during the discovery and pre-trial phase of the litigation of this case.

2.     The Illinois Banking Act, 205 ILCS § 5/48.1, regarding the confidentiality of customer financial records defines "financial records" to include:

> Any other item containing information pertaining to any relationship established in the ordinary course of a banks business between a bank and its customer, including financial statements or other financial information provided by the customer.

3.     With regard to disclosure of customer financial information, Section 48.1 of the Act provides that except as provided in this act, a bank may not disclose to any person except to the customer or his duly authorized agent any financial records or financial information obtained from financial records relating to that customer of that Bank unless the customer has authorized disclosure, the financial records are disclosed in response to a lawful subpoena, summons, warrant or court order which meets the requirements of subsection (d) or the bank is attempting to collect an obligation owed to the bank and the bank complies with the provisions of Section 2 of the Consumer Fraud and Deceptive Practices Act.

4.     Subsection d of section 48.1 provides in relevant part that the bank shall not disclose any customer financial information pursuant to subsection c unless the bank has first mailed a copy of the, subpoena, summons, warrant or court order to the person establishing the relationship with the bank including or his personal representative if

known and his last known address by first class mail postage pre-paid
(unless prohibited by court order from providing such notice).

5.    The Plaintiffs' first request for production of documents to
the Bank of Springfield requests the production of customer financial
information falling within the scope of 48.1 which records are not those
of the Plaintiffs.  Therefore, in order to make available to all parties in
this litigation a copy of records which may be relevant to the issues raised
in the First Amended Complaint, the Court enters the following order:

A.    Bank of Springfield is hereby ordered pursuant to Section
48.1(c) of the Illinois Banking Act to produce copies of the following
loan files and deposit account records with the following individuals and
entities: (1) Fayez Chehab, an Argentinean citizen; (2) Sigsby Duck,
M.D. and Cynthia Duck, his wife, a guarantor of the debt owed by
ROTFL, LLC to Bank of Springfield.  Bank of Springfield shall withhold
from such production (and identify on a privilege log) any financial
statements, tax returns, or summary of such financial statements or tax
returns of Dr. and Mrs. Duck.  (3)   American Falcon Investment
Company, LLC, an apparently defunct Wyoming limited liability
company which borrowed $4.2 million dollars from the Bank of

Springfield in June 2000 to purchase stock in American Falcon, S.A. American Falcon Investment Company LLC was owned by 13 members, many of which are not parties to this litigation. Therefore Bank of Springfield shall withhold from production the personal financial statements and/or tax returns (and any summary or analysis thereof) of any guarantors of the American Falcon Investment Company debt who are not parties to this lawsuit. Such documents and/or redactions shall be identified on a privilege log; (4) American Falcon, S.A. an Argentinean corporation currently in bankruptcy under the laws of Argentina; (5) Capital Aircraft, Inc., Capital Airline Leasing Company Three, LLC, and Capital Airline Engine Leasing Company. Records related to Capital Aircraft, Inc., are potentially relevant in that an airplane owned by Capital Aircraft, Inc., was leased to American Falcon and sold to Alpha Foxtrot, which debt was guaranteed by the individual Plaintiffs. Records related to Capital Airline Leasing Company Three are potentially relevant in that the airplane owned by Capital Airline Three was leased to American Falcon and sold to Falcon Air, S.A., an Argentinean corporation, which debt was guaranteed by the individual Plaintiffs. Records related to Capital Airline Engine Leasing Company are

5

potentially relevant in that Capital Airline Engine Leasing leased an engine to American Falcon, S.A., and a portion of the payments made under the September 2004 Loan Agreement and Modification, as amended in May, 2005, was to be applied to the Capital Airline Engine Leasing Company debt.

B.    Correspondence, memos, and e-mails not included within a particular customer's file relating to any of the customers or transactions identified above shall also be produced by Bank of Springfield, to the extent that such have been located.

C.    Upon entry of this order, Bank of Springfield shall provide a copy of this order to each customer identified above whose records are subject to production under this order at the last known address of such customer.  Each customer shall have 21 days after service of the order to seek to intervene for purposes of objecting to the production of his or its records.  If no objections are filed within that 21 day time period, Bank of Springfield shall produce the documents within the scope of this order.

IT IS THEREFORE SO ORDERED.

ENTER: _____, 2006.

FOR THE COURT:

6

_____s/Jeanne E. Scott_____
JEANNE E. SCOTT
UNITED STATE DISTRICT JUDGE
