IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| THOMAS E. BARON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-3240 |
| | ) | |
| FAYEZ CHEHAB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendants Bank of Springfield (Bank), Michael McGlasson, James Kelley, Willis Chrans and Steven Bentley's (collectively the Moving Defendants) Motion to Strike Plaintiffs' Supplemental Responses to Defendants' Interrogatories and Bar Additional Claims of Fraud (d/e 124 & 125) (Motion). Plaintiffs have asked for oral argument on the Motion. The parties have fully briefed the matter, so oral argument is unnecessary. As explained below, the request to bar claims is premature because the Plaintiffs have not sought to amend the Second Amended Complaint (d/e 101) to add additional claims; should the Plaintiffs seek permission to amend the pleadings, the Court will address the

1

matter at that time. Beyond this, the Supplemental Responses are timely and the information set forth therein has already been developed elsewhere in discovery. The Court sees no reason to strike them.

## STATEMENT OF FACTS

The Plaintiffs filed this action on September 2, 2005. They alleged securities fraud and related claims against the Defendants in connection with the Plaintiffs' investment in certain airlines in Argentina. For a detailed discussions of the Plaintiffs' allegations, see Opinion entered January 20, 2006 (d/e 68), at 2-15. In January and February 2006, Defendants Chrans, Bentley, and the Bank propounded contention interrogatories requesting the Plaintiffs to set forth each misrepresentation and omission on which they based their claims. The Plaintiffs responded by setting forth the misrepresentations and omissions alleged in the First Amended Complaint (d/e 39). Motion, Exhibit A (Original Responses).

The Plaintiffs filed the Second Amended Complaint on August 18, 2006. The specific allegations of misrepresentations and omissions were substantially the same as those set forth in the First Amended Complaint and the Original Responses. The Plaintiffs were deposed during discovery. Each affirmed the accuracy of the Original Responses.

On August 31, 2007, the date that discovery closed, the Plaintiffs served the Supplemental Responses to the contention interrogatories. Motion, Exhibit C (Supplemental Responses). The Supplemental Responses identified many additional instances of alleged misrepresentations and omissions that were not included in either the Second Amended Complaint or the Original Responses. The Moving Defendants filed this Motion in response.

ANALYSIS

The Moving Defendants ask the Court to bar the additional claims of fraud set forth in the Supplemental Responses and to strike the Supplemental Responses as beyond the scope of the pleadings. The Court will address each request separately.

Request to Bar Additional Claims

The request to bar additional claims is premature because the Plaintiffs have not moved to amend the Second Amended Complaint. The Plaintiffs claim that the Defendants defrauded them. The elements of fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). The Second Amended Complaint sets forth detailed allegations of numerous specific misrepresentations and omissions of material fact. Those are the claims at

3

issue in the case. The Plaintiffs have not sought to amend the Second Amended Complaint, so the question of additional claims currently is not before the Court.

The Moving Defendants are concerned that the Plaintiffs are attempting to use the additional contentions in the Supplemental Responses to expand this case beyond the scope of the pleadings at the close of discovery. The Plaintiffs do not indicate that this is their purpose, and the Court will not speculate. It is true that the parties may, by express or implied consent, expand a case to include matters outside of the pleadings. Fed. R. Civ. P. 15(b); see Winger v. Winger, 82 F.3d 140, 144 (7th Cir. 1996). The Moving Defendants demonstrate by this Motion that they do not so consent. Thus, at this point, the misrepresentations and omissions at issue are those set forth with particularity in the Second Amended Complaint. The Plaintiffs have not asked the Court for leave to amend the Second Amended Complaint to add the additional alleged misrepresentations and omissions set forth in the Supplemental Responses, so the matter is not properly before the Court, and the request to bar such non-existent claims is premature.

Request to Strike Supplemental Responses

The Moving Defendants ask the Court to strike the Supplemental Responses because they were propounded at the close of discovery and because they set forth claims of misrepresentations and omissions not alleged in the Second Amended Complaint. The Plaintiffs respond that the Supplemental Responses are based on information disclosed elsewhere during discovery and that no basis exists to strike them.

The Defendants are correct that the Supplemental Responses go beyond the misrepresentations and omissions alleged in the Second Amended Complaint. As discussed above, the Plaintiffs' fraud claims are limited to the misrepresentations and omissions alleged in the Second Amended Complaint. The Supplemental Responses have not changed that. The issue raised by this Motion, however, is whether the Supplemental Responses should be stricken, not whether those responses change the pleadings.

The Court must bar the use of information that was not properly disclosed in discovery unless the failure to disclose was harmless or substantially justified. Fed. R. Civ. P. 37(c). The Defendants argue that the service of these Supplemental Responses on the last day of discovery was improper. A party must seasonably supplement its responses to answers to

5

interrogatories unless the information had already been disclosed during the discovery process. Fed. R. Civ. P. 26(e)(2). The Defendants argue that the last-minute disclosure was not seasonable, and so, the Supplemental Responses must be barred.

The Plaintiffs, however, demonstrate that the Supplemental Responses are based on information already disclosed during discovery. Plaintiffs' Response to Defendants' Motion to Strike Plaintiffs' Supplemental Responses to Defendants' Interrogatories and Bar Additional Claims of Fraud (d/e 127), Since the additional misrepresentations and omissions were based on information that was already disclosed in discovery, the Plaintiffs arguably were not obligated to file the Supplemental Responses at all. Fed. R. Civ. P. 26(e)(2). At a minimum, the service of the Supplemental Responses at the close of discovery was harmless because the information had already been developed in discovery. As a result, the Plaintiffs could attempt to admit the underlying information developed in discovery even if the Supplemental Responses were stricken. Because the arguably late disclosure was harmless, the Court will not strike the responses.

The Court is not deciding whether any of the Supplemental Responses, or the underlying information, would be admissible for any

6

purpose. That determination should be made at a later stage of the proceedings. The parties can object to any evidence submitted to support or oppose a summary judgment motion. The parties can then brief the issues regarding the admissibility and relevance of each item of evidence to which a party objects and the purpose for each such submission. Similarly, the parties can file motions in <u>limine</u> to challenge specific items of proposed evidence prior to trial, or object to evidence at trial. These procedures focus and clarify the issues of admissibility and relevance, and so, put the Court in a much better position to decide these questions. For now, the Court is only deciding that the Supplemental Responses should not be stricken as a violation of discovery rules.

THEREFORE, Defendants Bank of Springfield, Michael McGlasson, James Kelley, Willis Chrans and Steven Bentley's Motion to Strike Plaintiffs' Supplemental Responses to Defendants' Interrogatories and Bar Additional Claims of Fraud (d/e 124 & 125) is DENIED. The request to bar claims is premature because the Plaintiffs have not sought to amend their pleadings. The request to strike discovery responses is denied. Issues concerning the admissibility and relevance of matters developed in discovery should be raised through objections to evidence submitted in connection

with a summary judgment motion, motions in <u>limine</u> filed prior to trial, or objections at trial.

IT IS THEREFORE SO ORDERED.

ENTER:  November 6  , 2007.

    FOR THE COURT:

                                  s/Jeanne E. Scott
                                JEANNE E. SCOTT
                    UNITED STATE DISTRICT JUDGE