IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS E. BARON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 05-3240 |
| | ) |
| WILLIS CHRANS, | ) |
| | ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the following matters pending before this Court: (1) Plaintiffs' Unopposed Motion to Redact Plaintiffs' Personal Financial Information from the Record (d/e 190); (2) Defendant's Renewed Motion for Judgment as a Matter of Law or, Alternatively, for New Trial (d/e 202); (3) Plaintiffs' Motion to Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) to Include Prejudgment Interest (d/e 205); (4) Plaintiffs' Petition for Attorneys' Fees (d/e 207); and (5) Plaintiffs' Bill of Costs (d/e 210), and Defendant Chrans' Objection thereto (d/e 212). For the reasons set forth below, the Court rules on the Motions as follows: (1) Plaintiffs' Unopposed Motion to Redact Plaintiffs' Personal Financial

1

Information from the Record is DENIED; (2) Defendant's Renewed Motion for Judgment as a Matter of Law or, Alternatively, for New Trial is DENIED; (3) Plaintiffs' Motion to Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) to Include Prejudgment Interest is ALLOWED in part; (4) Plaintiffs' Petition for Attorneys' Fees is ALLOWED in part; and (5) Defendant Chrans' Objection to Plaintiffs' Bill of Costs is SUSTAINED. The Court will address each Motion separately.

1. <u>Plaintiffs' Unopposed Motion to Redact Plaintiffs' Personal Financial Information from the Record</u>

Plaintiffs ask the Court to redact personal financial information from the exhibits submitted at trial and from the transcripts of the trial. The request is denied. Trials are conducted in public. As such, the Court will not redact any information from the trial transcripts or from the exhibits, other than personal identifying information, such as social security numbers and bank account numbers. After a final judgment is entered, and any appeals are concluded, the parties may recover their exhibits from the Clerk.

2. <u>Defendant's Renewed Motion for Judgment as a Matter of Law or, Alternatively, for New Trial</u>

Defendant Chrans asks the Court to enter judgment as a matter of law, or in the alternative, to order a new trial. To prevail on his request for

judgment as a matter of law, Chrans must demonstrate that there was no legally sufficient evidence for the jury to have found for the Plaintiffs as set forth in the verdict. Fed. R. Civ. P. 50; Alexander v. Mount Sinai Hosp. Medical Center, 484 F.3d 889, 902 (7th Cir. 2007). To prevail on the request for a new trial, Chrans must demonstrate that the verdict is against the weight of the evidence, the damages are excessive, or the trial was otherwise unfair. Fed. R. Civ. P. 59(e); Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1367 (7th Cir. 1996).

For reasons stated of record in open court, the Court previously denied Chrans' Rule 50 motion with respect to the claims on which the jury found for the Plaintiffs. Minute entry entered September 2, 2008. The Court has carefully considered Chrans' renewed motion and still determines that the evidence presented at trial was legally sufficient to support the verdict. The Rule 50 Motion is denied.

Chrans also argues that the finding of liability in the verdict was against the weight of the evidence; the compensatory damages awarded were the result of an improper compromise verdict; and the evidence was insufficient to support the award of punitive damages. The Court disagrees. The jury's verdict of liability was not against the weight of the evidence.

There was ample evidence to support the jury's determination of liability. The damage award was also supported by the evidence. The jury awarded Plaintiff Christopher Mallavarapu $1,600,000.00; Plaintiff Thomas Baron $650,000.00; and Plaintiff Robert Trask $400,000.00. The amount awarded to each Plaintiff reflected the jury's careful determination of the injury that Chrans caused each Plaintiff. The Court sees no evidence of a compromise. The evidence also supports the punitive damage award. The jury awarded each Plaintiff $500,000.00 in punitive damages, for a total of $1,500,000.00 in punitive damages. The evidence supports the finding that Chrans acted willfully, wantonly, or with actual malice. The amount of punitive damages was not excessive. The request for a new trial is denied.

3. <u>Plaintiffs' Motion to Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) to Include Prejudgment Interest</u>

The Plaintiffs ask the Court for prejudgment interest. The Court has the discretion to award prejudgment interest in this case. Generally, prejudgment interest is appropriate to provide full compensation. The Court, however, may deny interest when it is too difficult to determine which parts of the award are eligible. <u>Matter of Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978</u>, 954 F.2d 1279, 1334 (7th Cir.

4

1992). The difficulty in this case is in determining the date from which the prejudgment interest should start to accrue. The jury awarded $1,600,000.00 to Mallavarapu, $650,000.00 to Baron, and $400,000.00 to Trask. The jury did not identify the payments on which the judgment was based. The Plaintiffs presented evidence that each contributed significant funds to the scheme at various points in time from 2001 through 2005. The Plaintiffs also signed personal guarantees totaling $1,090,000.00 each. Each paid the Bank of Springfield the sum of $1,150,000.00 on August 30, 2008, to satisfy their obligations under these personal guarantees. Transcript of Proceedings on August 20, 2008 (d/e 180), at 383. This was the last payment made by each Plaintiff. The Court determines that interest should run from this last payment.

The payment on the guarantees exceeded the award to both Baron and Trask, and represented approximately two-thirds of the award to Mallavarapu. Therefore, with respect to the compensatory award to Plaintiffs Trask and Baron, the Court awards prejudgment interest from August 30, 2008, the date that they made their payments to the Bank of Springfield. With respect to Plaintiff Mallavarapu, the Court awards prejudgment interest on $1,090,000.00 of the judgment from August 30,

5

2008. With respect to the remaining $510,000.00, the Court awards prejudgment interest from January 31, 2005, which was the date that Mallavarapu made a $500,000.00 contribution to buy a new airplane for the venture. Prejudgment interest from that date is appropriate for this sum. The Court agrees that 9 percent, compounded annually, is an appropriate market rate for the time period of the transaction. Defendant Chrans does not dispute the rate.

Defendant Chrans argues that his degree of personal wrongdoing was not sufficient to support an award of prejudgment interest. See <u>Osterneck v. Ernst & Whinney</u>, 489 U.S. 169, 176 (1989). The Court disagrees. The jury found that Chrans acted willfully, wantonly, or with actual malice. The evidence supported the determination. The Motion for prejudgment interest is therefore allowed in part as set forth above.

4. <u>Plaintiffs' Petition for Attorneys' Fees</u>

The Court may, in its discretion, award Plaintiffs attorney fees under the Illinois Consumer Fraud and Deceptive Business Practices Act (Act). 815 ILCS 505/10a(c). In deciding whether to award fees, the Court should consider:

(1) the degree of the opposing party's culpability or bad faith;

> (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Act; and (5) the relative merits of the parties' positions.

Krautsack v. Anderson, 223 Ill.2d 541, 558, 861 N.E.2d 633, 646 (Ill., 2006). The first, third, and fifth factors weigh in favor of awarding fees. The jury found that Chrans was liable under the Act, and awarded $2,650,000.00 in compensatory damages. The jury further found that Chrans acted willfully, wantonly, and/or with actual malice. This verdict shows that Chrans acted in bad faith. An award of fees may also provide some additional deterrent for others who may contemplate similar actions in the future.

The evidence on the second factor is unclear; Chrans personally lost significant amounts of money investing in this scheme, but he still operates several businesses. He, thus, has some assets, but the evidence does not show whether he has the ability to pay fees. The fourth factor weighs against fees; the case will not benefit Illinois consumers generally, and the case did not involve any novel issues of law. In weighing all the factors, the Court concludes that the jury's finding of willfulness, combined with the

7

benefits of possible deterrence, tip the scales in favor of awarding fees.

To determine the appropriate amount of fees, the Court must initially determine the reasonable hourly rate for the representation and hours reasonably expended to perform the representation. See Bankston v. State of Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995). The Court must then also consider the results obtained and whether the Plaintiffs achieved a level of success that makes the hours reasonably expended a satisfactory basis for the fee award. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

The Court must look to the market to determine the hourly rate. The market rate for attorney services is the rate that lawyers of similar abilities and experience in the community normally charge for the type of work in question. Stark v. PPM America, Inc., 354 F.3d 666, 674 (7th Cir. 2004). The Plaintiffs submit evidence that the rates charged were market rates determined through an arms-length transaction. The Plaintiffs' counsel further represents that the rates are comparable to other rates charged by similar firms in Chicago, Illinois. Plaintiffs' Motion for Attorney Fees, attached Affidavit of Thomas E. Dutton. The relevant community, however, is Springfield, Illinois. Defendant Chrans presents evidence that the market rate charged by attorneys in Springfield, Illinois, is $215.00 an

hour for experienced litigators, $170.00 for associates, and $107.50 for paralegals.  <u>Defendant's Memorandum in Opposition to Plaintiffs' Petition for Attorneys' Fees (d/e 214)</u>, Exhibit A, <u>Declaration of Thomas Schanzle-Haskins</u>.  Defendant Chrans also points out that this Court recently determined that a reasonable rate for experienced litigators in an employment discrimination case was $250.00 per hour, $150.00 for associates, and $75.00 per hour for paralegals.  <u>Davis v. City of Springfield, Case No. 03-3007 (C.D. Ill. March 20, 2008)</u>.  In considering all of the evidence, the Court finds that a reasonable rate for Plaintiffs' lead counsels, Thomas E. Dutton and Gregory Osterfeld, is $250.00 per hour, and a reasonable rate for associate Jason B. Ester is $150.00 per hour.  The Court finds that the rates for paralegal Maria Scavo is $100.00 per hour.  The Court finds that no recovery should be allowed for litigation project manager David Gillett.  Such administrative services are part of overhead and are not recoverable separately.

The Court next considers the reasonableness of the time expended. The Court finds that the time expended was reasonable.  This was, essentially, a typical fraud case, but the facts were somewhat complicated, and the parties all litigated the matter vigorously.  Plaintiffs' counsel also

omitted from the fee request the time expended on numerous issues that concerned other parties. The time listed was limited to issues involving Defendant Chrans. The Court, therefore, finds that the time expended was reasonable.

Last, the Court must consider the level of success. The Plaintiffs sought $13,646,750.00 in compensatory damages, but recovered an award of $2,650,000.00. See Pretrial Order (d/e 171), at 4. The level of success was, therefore, modest. The Court believes that the Plaintiffs should recover a third of the reasonable fees given the limited success on the merits.

Therefore, the Court awards fees as follows:

Thomas E. Dutton:     $131,062.50

        (1,572.75 hours at $250.00 per hour, divided by 3)

Gregory E. Osterfeld:  $ 78,775.00

        (945.30 hours at $250.00 per hour, divided by 3)

Jason B. Elster:        $ 37,375.00

        (747.50 hours at $150.00 per hour, divided by 3)

Maria Scavo:           $ 19,050.00

        (571.50 hours at $100.00 per hour, divided by 3)

Total:                 $266,262.50

The Court therefore allows the request for an award of attorney fees in the amount of $266,262.50.

5.  Plaintiffs' Bill of Costs

Plaintiffs also seek recovery of costs. Certain costs are recoverable by a prevailing party unless the Court otherwise directs. Fed. R. Civ. P. 54(d). These costs are set out by statute:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> 1.  Fees of the clerk and marshal;
>
> 2.  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> 3.  Fees and disbursements for printing and witnesses;
>
> 4.  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> 5.  Docket fees under section 1923 of this title;
>
> 6.  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. See Fed. R. Civ. P. 54(d). Parties may recover court reporter attendance fees as part of the cost of securing transcripts of

depositions. <u>Finchum v. Ford Motor Co.</u>, 57 F.3d 526, 534 (7th Cir. 1995). This Court must, in its discretion, determine the appropriate amount of costs to be taxed. <u>Majeske v. City of Chicago</u>, 218 F.3d 816, 824 (7th Cir. 2000).

Plaintiffs submit a bill of costs totaling $26,362.00. Defendant Chrans only objects to Plaintiffs' request for recovery of daily transcripts during the trial in the amount of $13,409.00. The Court agrees the expense of daily transcripts is not a recoverable cost authorized by statute. The Plaintiffs argue that Defendant Chrans benefitted from the daily transcripts, and so, should be required to pay the costs. Plaintiffs should have negotiated splitting the costs with Defendant Chrans if they wanted to do so. The issue here is the recovery of costs authorized by statute. The Court finds that the cost of daily copy is not recoverable. The Court, therefore, sustains the objection, and disallows the $13,409.00 in costs for trial transcripts. The remainder of the costs are allowed in the sum of $12,953.00.

THEREFORE, Plaintiffs' Unopposed Motion to Redact Plaintiffs' Personal Financial Information from the Record (d/e 190) is DENIED; (2) Defendant's Renewed Motion for Judgment as a Matter of Law or,

Alternatively, for New Trial (d/e 202) is DENIED; (3) Plaintiffs' Motion to Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) to Include Prejudgment Interest (d/e 205) is ALLOWED in part; (4) Plaintiffs' Petition for Attorneys' Fees (d/e 207) is ALLOWED in part; and (5) Defendant Chrans' Objection (d/e 212) to Plaintiffs' Bill of Costs (d/e 210) is SUSTAINED. The Court hereby amends the Judgment as follows. Judgment is entered: (1) in favor of Plaintiff Christopher T. Mallavarapu and against Defendant Willis Chrans in the sum of $1,600,000.00, plus prejudgment interest on $510,000.00 of that judgment from January 31, 2005, and prejudgment interest on the remaining $1,090,000.00 from August 30, 2008, plus $500,000.00 in punitive damages; (2) in favor of Plaintiff Thomas E. Baron and against Defendant Willis Chrans in the sum of $650,000.00, plus prejudgment interest on that amount from August 30, 2008, plus $500,000.00 in punitive damages; (3) in favor of Plaintiff Robert V. Trask and against Defendant Willis Chrans in the sum of $400,000.00, plus prejudgment interest on that amount from August 30, 2008, plus $500,000.00 in punitive damages. All prejudgment interest is to be calculated at a rate of 9 percent per annum, compounded annually. In addition, the Plaintiffs are awarded $12,953.00 in costs, and $266,262.50

in attorney fees.  The clerk is directed to enter an amended judgment.  All other pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   December 12, 2008

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                       UNITED STATES DISTRICT JUDGE